UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GALENA LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22 cv-04305 |
| | ) | |
| v. | ) | Judge Hon. Franklin U. Valderrama |
| | ) | |
| S & S LOGISTICS, INC., | ) | |
| RAFAL CYMERKIEVICZ, | ) | |
| SEBASTIAN POWROZNIK, | ) | Magistrate Judge Hon. Jeffrey Cole |
| NENAD JOVANOVIKJ | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT

The parties have conferred and submit the following Joint Status Report:

**I.      Nature of the Case**

   A.   Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.

Glenn R. Gaffney (#6180598) of Gaffney & Gaffney, P.C. for Plaintiff (trial attorney)
Ethan G. Zelizer *(#6280096* ) for Defendants of HR Law Counsel (trial attorney)


   B.   State the basis for federal jurisdiction.

   This action is brought pursuant to the Fair Labor Standards Act, ("FLSA"), (29 U.S.C. § 201, *et seq.*) to recover unpaid wages. This Court has arising under jurisdiction over LOPEZ's FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b).

   The Court also has supplemental jurisdiction over LOPEZ's state law claims for violation of the Illinois Minimum Wage Law, ("IMWL"), (820 ILCS 105/1, *et. seq.*), Breach of Contract Claim, the Illinois Wage Payment and Collection Act, ("IWPCA"), (820 ILCS 115/1 *et seq.*) pursuant to 28 U.S.C. § 1367, which are so related to the federal claims in this action that they

form part of the same case or controversy under Article III of the Constitution of the United States of America. Venue for this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 USCS § 1391, as this claim arose in this Judicial District in Lombard, DuPage County Illinois.

C.     Provide a short overview of the case in plain English (five sentences or less).

Plaintiff has brought a claim for overtime wages pursuant to the Fair Labor Standards Act (FLSA) and a companion state law claim under the Illinois Minimum Wage Law (IMWL). Plaintiff also has a breach of contract claim for unauthorized wage deductions, a failure to pay all amounts due pursuant to the parties' oral agreement and a failure to pay earned vacation pay. A companion claim is also brought pursuant to the provisions of the Illinois Wage Claim and Protection Act (IWPCA).

D.     Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

Plaintiff's overtime claims brought pursuant to the FLSA and IMWL alleges that Plaintiff worked for Defendants as a dispatcher paid on a salary basis plus certain commissions. Plaintiff alleges that although promised to be paid a regular salary, Defendants regularly deducted money from her weekly paycheck for various reasons, including not working when she was out sick, not working holidays, and deducting pay when Plaintiff worked from home. She alleges that she regularly worked at least nine hours per day Monday through Friday and in addition thereto, often worked part of Saturday and Sundays. Lopez claimed that at times, she worked in excess of seventy-five hours per week. Plaintiff alleges that she is entitled to overtime

2

pay plus liquidated damages under the FLSA, statutory interest (5% per month / 60% annually). and treble damages under the IMWL, attorneys fees and costs.

Plaintiff also has brought a claim for breach of contract in conjunction a companion claim under the IWPCA. For that claim, Plaintiff asserts that she was subjected to unauthorized deductions from her pay, not paid for all weeks worked, not paid all of her commissions and was not paid her accrued vacation pay upon termination of employment. Plaintiff seeks contractual damages plus statutory interest (5% per month / 60% annually). and attorney's fees/costs under the IWPCA.

Defendants will assert affirmative defenses that Plaintiff cannot support her claims as she was correctly compensated; conduct was not willful or intentional or with reckless disregard; claims are barred by doctrines of ratification, acquiescence, accord and satisfaction, consent, agreement, payment, and estoppel. Defendant also assert that Verce Koceva was not an employer under the act, and had no knowledge of the facts alleged.

    E.    What are the principal factual issues?

1. The terms and provisions of Lopez's compensation agreement with Defendants, if any. .
2. Plaintiff's job duties and responsibilities.
3. Plaintiff's hours worked.
4. The manner in which Lopez was compensated.
5. Plaintiff's earned commissions, if any.
6. Amount Defendant has paid.
7. Reason for payment deductions, if any.
8. Amount of Plaintiff's earned or unpaid vacation.

9. The personal liability of the individual defendants pursuant to the FLSA and IMWL.

10. Calculation of Lopez's damages, if any.

    F.    What are the principal legal issues?

1. FLSA/IMWL coverage of Defendants.

2. Defendants' potential liability under the FLSA/IMWL.

3. Application of the FLSA and IMWL remedies, if applicable.

4. Defendant's affirmative defenses on the SOL, denying FLSA Liquidated Damages, Unjust Enrichment, Equitable Estoppel, Unclean Hands and *In Pari Delicto*.

    G.    What relief is the plaintiff(s) seeking? Quantify the damages, if any.
(A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case. This estimate will not be admissible.).

1. Overtime wages estimated to be approximately $66,150.

2. FLSA liquidated damages estimated to be $66,150.

3. IMWL treble damages estimated to be approximately $132.301.

4. IMWL statutory interest @ 60%/year (5%/mo) estimated to be approximately $258,875.

5. Breach of contract/IWPCA damages estimated to be approximately $37,000.

6. Interest on unpaid wages and commissions $29,500.

7. Attorneys' fees and costs currently estimated to be approximately $7,657.00.

8. **Total Claim: $597,632**

    H.    Have all of the defendants been served, or waived service of process?

All Defendants have either been served or have appeared before counsel.

**II.**     <u>**Discovery**</u>

    A.    Propose a discovery schedule. Include the following deadlines: (1) the mandatory

initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions. **Fill in the blanks, below.**

| Event | Deadline |
| --- | --- |
| Initial Discovery Responses | Plaintiff has issued and defendants have not |
| Amendment to the pleadings | 3/1/23 |
| Service of process on any "John Does" | N/A |
| Completion of Fact Discovery | 9/29/23 |
| Disclosure of Plaintiff's Expert Report(s) | One month after the close of fact discovery 10/29/23 |
| Deposition of Plaintiff's Expert | N/A |
| Disclosure of Defendant's Expert Report(s) | N/A |
| Deposition of Defendant's Expert | N/A |
| Dispositive Motions | One month after the close of fact discovery 10/29/23 |

B. How many depositions do the parties expect to take?

Plaintiff expects to take approximately seven depositions.

Defendants expects to take at least two depositions.

No depositions have yet been taken (see, Plaintiff's second motion to compel).

C. Do the parties foresee any special issues during discovery? No.

5

III. **Trial**

    A. Have any of the parties demanded a jury trial?

        Plaintiff has demanded a trial by jury.

    B. **Estimate the length of trial.**

        Five days

IV. **Settlement, Referrals, and Consent**

    A. Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do <u>not</u> provide any particulars of any demands or offers that have been made.)

        The parties have participated in a settlement conference and no settlement has been reached.

The Parties have informed their respective clients about the possibility of proceeding before the assigned magistrate judge for all purposes and did/ did not unanimously consent to that procedure.

V. **Other**

    A. Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)

        Plaintiff believes that discovery can be simplified if the individual Defendants stipulate to be personally responsible for any unpaid judgments against S&S Logistics, Inc. presently pending before the Court is Plaintiff's Second Motion to Compel and for Sanctions.

6

B.      Is there anything else that the defendant(s) wants the Court to know?  (Please be brief.)

Defendants believe that the liability of the individual defendants is an issue in this case.

| Attorney for Plaintiff: | Attorney for Defendants: |
|---|---|
| */s/ Glenn R. Gaffney* <br> Gaffney & Gaffney, P.C. (#6180598) | */s/ Ethan G. Zelizer)* <br> Ethan G. Zelizer *(#6280096* ) <br> HR Law Counsel |
| Gaffney & Gaffney, P.C. <br> 1771 Bloomingdale Road <br> Glendale Heights, IL 60139 <br> (630) 462-1200 x4 <br> glenn@gaffneylawpc.com | HR Law Counsel <br> 29 Main Street <br> Suite 350-C <br> Naperville, IL 60540 <br> ethan@hrlawcounsel.com |